IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. ROEL BERMEA, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 04 C 5539 |
| LARRY SIMS, Warden, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Following a jury trial in the Circuit Court of Lake County, Illinois, Roel Bermea was found guilty of unlawful possession of a controlled substance (cocaine) with intent to deliver. He was sentenced to 35 years' incarceration. At trial, and in his present federal habeas corpus petition as well, Bermea contended he was an innocent agricultural worker who believed he was participating in the sale of melons that were in a trailer, not the sale of 497 kilograms of cocaine that were also in the trailer. Bermea raises four claims in his federal habeas corpus petition. Respondent contends all four claims are procedurally defaulted and, alternatively, that two of the claims are not

cognizable in a federal habeas corpus petition. Respondent has not yet addressed the merits of any of the claims.

Generally, a claim contained in a federal habeas corpus petition will be defaulted if the petitioner failed to first adequately present his claims in the state judicial system. Conner v. McBride, 375 F.3d 643, 648 (7th Cir. 2004), cert. denied, 125 S. Ct. 1399 (2005). A claim must be presented in "one complete round of the State's established appellate review process." Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003), cert. denied, 124 S. Ct. 2398 (2004) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). For defendants convicted in an Illinois court, that includes adequately preserving the claim for and presenting it to the Illinois Supreme Court as well as the Illinois Appellate Court. Rittenhouse v. Battles, 263 F.3d 689, 697 (7th Cir. 2001); Beachem v. Williams, 351 F. Supp. 2d 793, 805 (N.D. Ill. 2004). Respondent contends none of Bermea's present claims were adequately presented at all levels of the Illinois system.

There are exceptions to the procedural default rule. One is the "extremely rare" and "extraordinary case" where the petitioner is actually innocent of the crime that is the basis for his or her incarceration. Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003) (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)). The burden of making such a showing is on the

petitioner. Gomez, 350 F.3d at 679 (quoting Schlup, 513 U.S. at 327). "To support a colorable claim of actual innocence the petitioner must come forward with 'new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" Gomez, 350 F.3d at 679 (quoting Schlup, 513 U.S. at 324). A contention that the evidence presented at trial would have been insufficient to establish guilt if not for the admission of constitutionally infirm evidence is insufficient to support the actual innocence exception. United States ex rel. Araujo v. Sternes, 2004 WL 2496467 *4-5 (N.D. Ill. Nov. 4, 2004).

Determining whether Bermea procedurally defaulted necessitates considering the issues that Bermea raised in both his direct appeal and the three post-conviction petitions that he filed.[1] In his pro se[2] federal habeas corpus petition, Bermea alleges that he was a produce worker in Texas. His friend, Arthur Sifuentes, asked Bermea to join him in selling melons at a site in Chicago. The melons were to be sold from a trailer at a roadside location in Wadsworth, Illinois. Jose Serna and his

---

[1] There is no contention by respondent that the federal petition is untimely because the applicable one-year period was not tolled by either of the successive post-conviction petitions. See generally 28 U.S.C. § 2244(d).

[2] Bermea alleges that he does not speak English and that all his pro se pleadings here and in the state courts were drafted by jailhouse lawyers.

sister had made arrangements with the owner of the Wadsworth property. Law enforcement officials, however, had received a tip regarding vehicles used by Jose Serna. Serna met Bermea and Sifuentes at the Wadsworth location, but was being watched by law enforcement officials. After one of the law enforcement officials thought he was spotted, Sifuentes and Bermea were arrested and, eventually, cocaine was found in the trailer.

Bermea speaks Spanish, but does not speak English. Initially, he was interviewed by an officer who had limited skills at Spanish. Bermea alleges that he told the officer he had no knowledge of the cocaine being in the trailer. However, he signed a statement in English admitting that he knew about the cocaine. Bermea subsequently met with another officer who was qualified to translate. The second interpreter explained what was in the written statement. The second interpreter made some changes to the statement, but, although so requested by Bermea, the second interpreter would not change Bermea's admission that he had known about the cocaine. The written statement was used at trial and Bermea apparently testified as to his contention that there had been a mistranslation.

The federal habeas corpus petition identifies four grounds for relief. Ground One is a Fourth Amendment claim that the law enforcement officials lacked adequate cause to conduct surveillance and also lacked adequate cause to search the trailer

and seize the cocaine. It is also claimed that trial counsel provided ineffective assistance by failing to investigate this issue and by failing to adequately raise a Fourth Amendment challenge to the search and seizure. Ground Two is that the evidence was insufficient to support Bermea's conviction. Even accepting that the confession was voluntary, accurate, and admissible, Bermea contends the evidence is insufficient because there is no other evidence adequately linking him to the cocaine. Ground Three is that it violated due process to base Bermea's sentence on 497 kilograms of cocaine because he was only charged with intending to deliver 900 grams. He also complains that the entire amount cannot be considered because the only bags that were actually tested and shown to be cocaine contained a total of 14 kilograms. There was no evidence that any portion of the other bags, weighing a total of 483 kilograms, were ever tested to determine they actually contained cocaine. Ground Four is a claim that trial counsel provided Bermea ineffective assistance of counsel by failing to adequately preserve as error for appeal the claims that Bermea was not found guilty beyond a reasonable doubt, an improper standard of proof of possession was used, and that the jury and/or judge were not impartial. It is also claimed that trial counsel failed to adequately challenge the use of Bermea's confession.

There is no express allegation or argument that Bermea's appellate counsel during his direct appeal provided ineffective assistance by failing to raise any issue in his direct appeal. On direct appeal to the Illinois Appellate Court, Bermea was represented by an appellate defender. The only issue raised was that the sentence was excessive because based on the entire amount of narcotics and not just the portion of narcotics that were actually tested. The Appellate Court affirmed the sentence. In his pro se petition for leave to appeal to the Illinois Supreme Court, Bermea asserted that the State failed to adequately link him to the narcotics because he did not own or rent the trailer or property where the trailer was located and there was inadequate evidence to infer he had knowledge the narcotics were in the trailer. He also complained that the law enforcement officers had lacked a search warrant. None of these issues had been raised in the Illinois Appellate Court. Leave to appeal was denied.

Thereafter, proceeding pro se, Bermea timely filed his first post-conviction petition. In that petition, he argued that trial counsel was ineffective for failing to request a jury instruction that would have advised the jury to view the law enforcement officers' testimony with caution and otherwise put forth Bermea's theory of defense that the officers had coerced a confession and fabricated evidence. Bermea also raised that

appellate counsel had performed deficiently by not raising the issues that the evidence was insufficient to support his conviction, the sentence was disproportionate, and the ineffective assistance of trial counsel. The trial court summarily denied the petition. On appeal, an appellate defender was again appointed to represent Bermea. Before the Appellate Court, it was argued that the Illinois law permitting summary dismissals was in violation of the Illinois Constitution based on the manner in which it was passed.[3] The Illinois Appellate Court rejected that argument. No petition for leave to appeal was filed in the Illinois Supreme Court.

While the first post-conviction petition was pending before the Illinois Appellate Court, Bermea filed a second pro se post-conviction petition. A copy of this petition is not provided, but the parties agree the issues raised were: "(1) ineffective assistance of counsel, (2) excessive bond, (3) improper use of perjured testimony, (4) improper jury instructions, (5) discovery violations, (6) illegal search and seizure, (7) violation of his speedy trial rights, (8) that his statement to police was coerced, (9) that he was denied an

---

[3] In his reply, Bermea contends he "argued his Federal constitutional rights were violat[ed] as well." However, respondent has provided the appellate brief and no other issue is raised. In its decision, the Illinois Appellate Court also states this is the only issue raised.

attorney during police questioning, (10) that he did not understand the trial proceedings, (11) that the State failed to prove his guilt beyond a reasonable doubt, (12) that his request for an attorney other than the public defender was improperly denied, and (13) that he was not tried by an impartial jury." Respondent Answer at 3-4 (¶ 7). See also Petitioner Reply at 1 (¶ 7). After the Illinois Appellate Court decision regarding the first post-conviction petition, the trial court summarily denied the second post-conviction petition. Bermea again appealed and was again represented by an appellate defender. Again the only issue raised was that the procedure for summarily denying post-conviction petitions violated the Illinois Constitution.[4] The Illinois Appellate Court again rejected the argument.[5] No petition for leave to appeal was filed.

While the second post-conviction petition was pending before the Illinois Appellate Court, Bermea filed a third pro se post-conviction petition. In this petition, Bermea alleged that (1) his bail was excessive, (2) the trial judge applied an incorrect standard in ruling on his two directed verdict motions,

---

[4]Again, Bermea asserts in his reply that he also raised the violation of his federal constitutional rights, but the appellate brief and Illinois Appellate Court decision are to the contrary.

[5]By the time of this decision, the Illinois Supreme Court had reached the same result in a different case.

(3) he was not proved guilty beyond a reasonable doubt, (4) the jury applied an inappropriate standard when reaching its verdict, and (5) the trial judge and jury were not impartial. All the claims are characterized as being violations of the federal Constitution. There is no express reference to ineffective assistance of counsel, but the Sixth Amendment is cited regarding each claim. Subsequent to the Illinois Appellate Court's ruling on the second post-conviction petition, the trial court summarily denied the third post-conviction petition. Bermea appealed and an appellate defender was again appointed on appeal. Before the Illinois Appellate Court, it was argued that the summary denial was improper because the trial court incorrectly found issues were waived and improperly considered facts outside the pleadings. The Illinois Appellate Court affirmed, holding that the claims had been waived because Bermea had filed two prior post-conviction petitions and failed to allege facts supporting cause or prejudice. It was also held that the claims were patently frivolous and that it was appropriate for the trial court to consider the entire court file, not just facts alleged in the third post-conviction petition.

Bermea filed a pro se petition for leave to appeal. In that petition he contended that the summary denial of his petition and treating his claims as waived were fundamentally unfair because he was actually innocent, he did not speak English

or understand court procedures, and had to rely on jailhouse lawyers. He contended that, by examining the court record, the trial judge should have been aware of his prior petitions that contained sufficient allegations of his claims. The petition for leave to appeal was denied. Thereafter, Bermea filed his federal habeas corpus petition.

Bermea twice filed petitions for leave to appeal to the Illinois Supreme Court. However, the issues raised in those petitions were not the same issues as had been raised in the Illinois Appellate Court decisions which he was attempting to appeal. Therefore, Bermea never raised a nondefaulted issue in the Illinois Supreme Court. Therefore, he has procedurally defaulted all possible claims. See Hadley, 341 F.3d at 664; Rittenhouse, 263 F.3d at 697; Beachem, 351 F. Supp. 2d at 805.

Bermea could overcome the procedural defaults if he adequately alleged he was actually innocent. However, Bermea does not allege that there is any new evidence that was not before the jury at trial. Bermea only reargues the credibility of the testimony that was before the jury and that certain evidence should not have been admitted. That is not sufficient to support the actual innocence exception. See Gomez, 350 F.3d at 679; Araujo, 2004 WL 2496467 at *4-5. Additionally, being a pro se petitioner who does not understand the law is not a sufficient cause excusing procedural default. Johnson v. United

States, 125 S. Ct. 1571, 1574 (2005); Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003), cert. denied, 541 U.S. 992 (2004); Barksdale v. Lane, 957 F.2d 379, 385 (7th Cir.), cert. denied, 506 U.S. 890 (1992).

For the foregoing reasons, the habeas corpus petition will be dismissed.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner dismissing the petition for writ of habeas corpus. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case. Any notice of appeal should also be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: APRIL 13, 2005